1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL H.,

                        Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case No. C19-6224-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the partial denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence and discounting his subjective testimony, and in failing to show that he could perform jobs that exist in significant numbers in the national economy.[1] (Dkt. # 30 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

//

---

[1] Plaintiff also argues that these errors led to errors in the residual functional capacity ("RFC") assessment, but only reiterates arguments made elsewhere and thus this alleged error need not be addressed separately. (*See* Dkt. # 30 at 18.)

ORDER - 1

## II.   BACKGROUND

Plaintiff was born in 1968, has a GED, and his past work includes jobs as a roofer helper, construction worker, deburrer, and production helper. AR at 1319. Plaintiff was last gainfully employed in 2018. *Id*. at 1629.

In February 2014, Plaintiff applied for benefits, alleging disability as of January 1, 2010.[2] AR at 352-64. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 245-48, 252-57, 261-62. After the ALJ conducted hearings in September and November 2016 (*id*. at 82-148), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 35-46.

The Appeals Council denied Plaintiff's request for review (AR at 13-20), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 1390-1400.

A different ALJ conducted a hearing in July 2019, and subsequently issued a decision finding Plaintiff disabled as of May 10, 2018, and not disabled beforehand. AR at 1142-65.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Plaintiff engaged in substantial gainful activity ("SGA") since his amended alleged onset date in 2017, but his employment in 2016 and 2018 did not rise to the level of SGA.

Step two: Plaintiff has the following severe impairments: status post left hip replacement surgeries, right hip osteoarthritis, left shoulder degenerative joint disease, lumbar spine degenerative disc disease, cervical spine degenerative disc disease, congestive heart failure, atrial fibrillation, diabetes mellitus, obesity, major depression, generalized anxiety, unspecified personality disorder, and history of polysubstance abuse.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[4]

---

[2] At an administrative hearing, Plaintiff amended his alleged onset date to September 30, 2014. AR at 85-86.
[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

RFC: Plaintiff can perform sedentary work with additional limitations: he must have a sit/stand option for five minutes every 30 minutes without being off-task. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. He can frequently reach overhead bilaterally. He can have occasional exposure to vibrations, pulmonary irritants, and hazards such as unprotected heights and moving mechanical parts. He can perform simple, routine tasks.

Step four: Plaintiff cannot perform past relevant work.

Step five: Before May 10, 2018, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. But as of May 10, 2018, there were no such jobs available that Plaintiff could perform, and thus he became disabled on that date.

AR at 1142-65.

Plaintiff now seeks judicial review of the ALJ's decision.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

1    neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

2    *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

3    rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

        The ALJ discounted Plaintiff's subjective testimony because: (1) the objective medical

record showed many normal findings as to functioning, which were inconsistent with Plaintiff's

alleged physical limitations; (2) the record showed a history of Plaintiff's failure to follow

through with recommendations, non-compliance with treatment, and use of substances against

medical advice, and improvement when he does comply with medical advice and

recommendations; (3) Plaintiff worked during the adjudicated period, which undermines his

claim of an inability to work; (4) Plaintiff had minimal treatment for his mental health conditions

and routinely denied psychological symptoms; and (5) Plaintiff was not candid with his

providers regarding his drug use. AR at 1149-58. Plaintiff contends that the ALJ failed to

provide clear and convincing reasons to discount his testimony, as required in the Ninth Circuit.[5]

*See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

        One of the ALJ's reasons was affirmed in the prior court order: the prior court affirmed the

ALJ's reasoning that Plaintiff's denial of mental health symptoms undermined his allegation of

disabling depression. *See* AR at 1399-1400. Thus, Plaintiff's challenge to this line of reasoning

(dkt. # 30 at 14-15) fails, under the law of the case doctrine. *See Herrington v. Cty. of Sonoma,* 12

F.3d 901, 904 (9th Cir. 1993) ("The law of the case doctrine states that the decision of an appellate

---

[5] Plaintiff's opening brief also contains a lengthy summary of his allegations (dkt. # 30 at 15-17), but this summary does not establish or even identify error in the ALJ's decision, and thus does not advance Plaintiff's argument and need not be addressed further.

1    court on a legal issue must be followed in all subsequent proceedings in the same case.").

2         Plaintiff's challenges to the ALJ's other lines of reasoning also fail. Plaintiff suggests that

3    the ALJ's references to objective medical evidence merely indicates support for the RFC

4    assessment without explaining why the evidence undermines his testimony. (Dkt. # 30 at 14.)

5    Plaintiff mischaracterizes the ALJ's findings. The ALJ's summary of the medical evidence

6    points out how various findings contradicted Plaintiff's allegations: because they demonstrate

7    normal functioning, improvement with treatment, or indicate non-compliance. *See* AR at 1151

8    (discussing Plaintiff's denial of symptoms and improvement with treatment), 1152 (same), 1153

9    (discussing evidence showing Plaintiff's non-compliance with treatment recommendations had

10   led to an increase in his cardiac symptoms), 1155 (summarizing records showing Plaintiff's

11   failure to seek medical care for his cardiac issues for two years because he felt well on

12   medication), 1156-57 (summarizing records showing Plaintiff's physical conditions improved

13   with treatment and were stable on his treatment regimen). The ALJ adequately explained how

14   the medical record undermines Plaintiff's allegations of disabling physical and mental

15   conditions, and did not, as Plaintiff suggests, simply assert that this evidence supports the RFC

16   assessment. *See id.* at 1157 ("The overall medical evidence of record establishes that [Plaintiff]

17   has had significant functional limitations . . . . However, the medical evidence does not support

18   the degree of limitation alleged by the claimant.").

19        Plaintiff also challenges the ALJ's reliance on his work activity as evidence that

20   undermines his disability allegation. According to Plaintiff, none of his work activity rose to the

21   level of SGA, and thus should be considered failed work attempts. (Dkt. # 30 at 14.) Plaintiff is

22   again mistaken: the ALJ specifically found at step one that Plaintiff's work activity amounted to

23   SGA in 2017 (AR at 1145-46), and even if the other work did not amount to SGA, it nonetheless

undermines Plaintiff's allegation of an inability to work. *See, e.g.*, *Chesler v. Colvin*, 649 Fed. App'x. 631, 632 (9th Cir. May 13, 2016) (affirming an ALJ's finding that a claimant's allegations were "contradicted by his continual search for work and his ability to work whenever he could find a job.").

Plaintiff also argues that the ALJ erred in finding that Plaintiff's condition had not worsened over time because the ALJ could not solely discount Plaintiff's testimony based on a lack of support in the record. (Dkt. # 30 at 15.) But, as discussed herein, the ALJ provided many reasons to discount Plaintiff's testimony, and the ALJ's reasoning here applies to Plaintiff's specific allegation at the hearing that his condition had worsened since the 2016 hearings. AR at 1345-50.

Next, Plaintiff argues that the ALJ erred in pointing out inconsistencies between his testimony at the July 2019 hearing and the record (AR at 1158), because the ALJ had found Plaintiff to be disabled as of May 10, 2018, the inconsistencies after that date are irrelevant. (Dkt. # 30 at 15.) But the ALJ pointed to evidence dating throughout the adjudicated period that was inconsistent with the limitations Plaintiff claimed at the 2019 hearing to have been experiencing for years. *See* AR at 1399, 1344-48. Plaintiff has not shown that the ALJ's findings in this regard were irrelevant or otherwise erroneous.

Plaintiff also contends that the ALJ erred in finding that his non-compliance with treatment undermined his allegations, without considering the reasons why he was non-compliant. (Dkt. # 30 at 15.) Plaintiff, however, did not offer any compelling explanation for his non-compliance and when questioned about it at the hearing, he denied any non-compliance . AR at 1340. At another point in the hearing Plaintiff said that he did not comply with a recommendation due to his own personal preference. *Id.* at 1332-33. Plaintiff has not shown that

1    the record suggests that the ALJ overlooked evidence justifying his non-compliance.

2          Lastly, Plaintiff does not deny that the record contains evidence showing Plaintiff's lack

3    of candor regarding his drug use (*see* AR at 1158), but argues that this is "not a convincing

4    reason to reject all of his testimony[.]" (Dkt. # 30 at 15.) But the ALJ did not reject all of his

5    testimony, and instead explicitly found that the record showed that Plaintiff had several

6    significant functional limitations since his alleged onset date. AR at 1157. Plaintiff has not

7    shown that the ALJ erred in finding that his lack of candor to providers, among other reasons,

8    undermined the reliability of his subjective statements. *See Thomas*, 278 F.3d at 959 (ALJ

9    properly considered claimant had not been a reliable historian and presented conflicting

10    information about drug and alcohol use); *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999)

11    (affirming an ALJ's reliance on inconsistent statements about alcohol use to reject claimant's

12    testimony).

13          Because the ALJ provided many clear and convincing reasons to discount Plaintiff's

14    testimony, the Court affirms the ALJ's assessment of Plaintiff's testimony.

15    **B.**    **The ALJ Did Not Err in Assessing Medical Opinions**

16          Plaintiff challenges the ALJ's assessment of medical opinion evidence, and the Court will

17    address each disputed opinion in turn.

18          1.    *Legal Standards*

19          In general, more weight should be given to the opinion of a treating doctor than to a non-

20    treating doctor, and more weight to the opinion of an examining doctor than to a non-examining

21    doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[6] Where not contradicted by another

22

23

---

[6] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1    doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing"

2    reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where

3    contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and

4    legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31

5    (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

6                2.      *Loreli Thompson, Ph.D., and Yun-Ju Cheng, Ph.D.*

7            Drs. Thompson and Cheng examined Plaintiff in 2012 and 2014, respectively. AR at

8    636-42, 889-93. The ALJ did not discuss Dr. Thompson's report, which is not error in light of

9    Plaintiff's amended alleged onset date in 2014, as held in the prior court remand order. *See* AR at

10   1391-93; *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)

11   ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

12           The prior court remand order also affirmed the prior ALJ's discounting of Dr. Cheng's

13   opinion that Plaintiff had chronic difficulty maintaining attention and concentration (AR at

14   1368-69, 1394-95), but in the current decision, the ALJ gave great weight to Dr. Cheng's opinion

15   without explicitly discounting the part of Dr. Cheng's opinion mentioning chronic concentration

16   problems. *Id*. at 1158-59. Plaintiff now argues that the ALJ erred in failing to fully account for

17   Dr. Cheng's opinion regarding Plaintiff's chronic concentration problems. *See id*. at 892.

18           Because the ALJ in the current decision employed a different assessment of Dr. Cheng's

19   opinion than was affirmed in the prior court remand order, the law of the case doctrine does not

20   apply here, contrary to the Commissioner's argument (dkt. # 31 at 10). *See Haydo v. Colvin*,

21   2014 WL 2478120, at *3 (W.D. Wash. Jun. 3, 2014) (holding that the law of the case doctrine

22   did not apply in part because the ALJ "treat[ed] this evidence differently" in the current ALJ

23   decision than in the previous ALJ decision). The ALJ's failure to explicitly address Dr. Cheng's

1    opinion regarding Plaintiff's chronic difficulty with attention and concentration is not error,

2    however, because the ALJ's RFC assessment includes limitations that address attention and

3    concentration: the ALJ restricted Plaintiff to performing simple, routine tasks (AR at 1149).

4    Because the ALJ's RFC assessment is reasonably consistent with an unspecified degree of

5    "difficulty maintaining attention and concentration" (*id*. at 892), the ALJ's decision is not

6    inconsistent with Dr. Cheng's opinion and Plaintiff has not demonstrated error. *See Turner v.*

7    *Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (ALJ properly

8    incorporated opinions by assessing RFC limitations "entirely consistent" with limitations

9    assessed by physician).

10                   3.       *Lindsay Carlson, PAC*

11          In April 2014, Ms. Carlson completed a form opinion indicating that Plaintiff was limited

12   to sedentary work, and that his restrictions would persist for 3-6 months. AR at 803-05. The ALJ

13   gave Ms. Carlson's opinion partial weight, finding that the longitudinal medical evidence

14   showed that Plaintiff would be restricted to sedentary work for at least one year. *Id*. at 1159.

15          Although Plaintiff summarizes Ms. Carlson's opinion and the ALJ's reasoning with

16   respect to it, Plaintiff provides no argument that the ALJ erred in assessing Ms. Carlson's

17   opinion. (Dkt. # 30 at 6.) Thus, the Court need not address this opinion further.

18                   4.       *Samuel E. George, M.D.*

19          Dr. George, a treating cardiologist, completed a form opinion in January 2015, indicating

20   that Plaintiff's conditions left him permanently restricted to perform sedentary or severely

21   limited work. AR at 1039-41. The ALJ gave Dr. George's opinion little weight, finding it

22   inconsistent with the record, which demonstrated Plaintiff's non-compliance, improvement with

23

1   compliance, and normal physical examinations, as well as Plaintiff's subsequent ability to work.

2   *Id*. at 1160-61.

3       Plaintiff argues that the ALJ's reasons for discounting Dr. George's opinions are not

4   legitimate (dkt. # 30 at 5), but the Court disagrees. Dr. George's treatment notes indicate that

5   Plaintiff's symptoms could be expected to improve with cardiac medication and sobriety from

6   methamphetamine (AR at 860), and, as noted by the ALJ, such measures did result in

7   improvement. *See id*. at 1753, 2208-09, 2213-14. Furthermore, Plaintiff was able to work during

8   the adjudicated period (see *id*. at 1145-46), which undermines Dr. George's suggestion that his

9   conditions would preclude the ability to work. Because the ALJ reasonably found that Dr.

10  George's opinion was inconsistent with the record, the ALJ did not err in discounting the opinion

11  on this basis.[7] *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency

12  with the record properly considered by ALJ in rejection of physician's opinions).

13              5.    *Harvey Alpern, M.D.*

14      Dr. Alpern testified at the November 2016 hearing. AR at 110-22. The ALJ gave partial

15  weight to his testimony, discounting his testimony to the extent that it is inconsistent with the

16  more recent medical records indicating that Plaintiff had greater physical restrictions due to his

17  left hip condition and history of multiple surgeries. *Id*. at 1159.

18      Plaintiff argues that Dr. George's opinion was entitled to more weight than Dr. Alpern's,

19  because Dr. Alpern was a non-examining physician. (Dkt. # 30 at 6.) But the ALJ did not cite Dr.

20  Alpern's testimony as a reason to discount Dr. George's opinion, and as explained *supra*, the

21

22  ───────────────────
    [7] Because the opinion of non-examining physician Myrna Palasi, M.D., was based on Dr. George's
    opinion, the ALJ properly found that Dr. Palasi's opinion should be discounted for the same reasons that
23  Dr. George's opinion was discounted. *See* AR at 1161, 1864-67. Although Plaintiff contends that Dr.
    Palasi's opinion instead corroborates Dr. George's opinion (dkt. # 30 at 6), this alternative view does not
    show that the ALJ's finding is erroneous.

1   ALJ provided specific, legitimate reasons to discount Dr. George's opinion. Plaintiff has failed to

2   identify any error in the ALJ's assessment of Dr. Alpern's opinion.

3                    6.      *Joe Kohn, ARNP*

4           In March 2018, Mr. Kohn opined that Plaintiff's conditions restricted him to sedentary

5   work for 6-12 months. AR at 1759-61. The ALJ found this opinion to be consistent with the

6   record and gave it great weight. *Id*. at 1161.

7           Plaintiff argues that the ALJ failed to acknowledge that Mr. Kohn's findings corroborate

8   Plaintiff's testimony regarding his limited ability to stand and walk. (Dkt. # 30 at 6-7.) But the

9   ALJ himself found Plaintiff limited to sedentary work and credited Mr. Kohn's opinion. Plaintiff

10  has failed to establish that the ALJ erred in assessing Mr. Kohn's opinion.

11                   7.      *Kimberly Wheeler, Ph.D.*

12          In April 2018, Dr. Wheeler examined Plaintiff and completed a DSHS form opinion

13  describing several moderate-to-marked psychological limitations. AR at 2203-07. The ALJ

14  summarized Dr. Wheeler's opinion and found her conclusions inconsistent with the medical

15  record, Plaintiff's lack of mental health treatment history, and his ability to work and complete

16  activities of daily living. *Id*. at 1161. For these reasons, the ALJ gave little weight to Dr.

17  Wheeler's opinion. *Id*.

18          Plaintiff contends that the ALJ's reasons are not legitimate, and also notes that the ALJ

19  himself found Plaintiff disabled just five weeks after Dr. Wheeler's examination. (Dkt. # 30 at

20  7.) On the contrary, the ALJ did not err in finding Dr. Wheeler's examination to be inconsistent

21  with the many normal mental findings in the record, Plaintiff's lack of mental health treatment,

22  or his demonstrated ability to work and complete activities, or in discounting Dr. Wheeler's

23  opinion on these bases. *See Tommasetti*, 533 F.3d at 1041 (inconsistency with the record

1    properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari,* 261 F.3d

2    853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was

3    inconsistent with the claimant's level of activity); *Evans v. Berryhill*, 759 Fed. Appx. 606, 608

4    (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part

5    because plaintiff "received only sporadic treatment for his condition"). Furthermore, the ALJ

6    found Plaintiff disabled shortly after Dr. Wheeler's opinion based on a change in age categories,

7    rather than a change in his mental symptoms. (*See* Dkt. # 31 at 16.) Accordingly, the Court finds

8    no error in the ALJ's assessment of Dr. Wheeler's opinion.

9                          8.    *Miscellaneous Medical Evidence*

10              Plaintiff's opening brief contains a lengthy summary of medical evidence that does not

11   advance his assignments of error. (Dkt. # 30 at 8-13.) This evidence need not be discussed by the

12   Court. In sum, the Court finds that Plaintiff has failed to meet his burden to show error in the

13   ALJ's assessment of the medical opinion evidence.

14        **C.    The ALJ Did Not Err at Step Five**

15              At step five, the Commissioner bears the burden to show that a claimant is not disabled

16   because he or she can perform other work that exists in significant numbers in the national

17   economy. 20 C.F.R. § 416.960(c)(2).

18              Plaintiff argues that the ALJ failed to meet this burden because he identified only 21,000

19   national jobs that Plaintiff can perform.[8] (Dkt. # 30 at 18.) Courts have found numbers even

20   lower than 20,000 to be significant, and thus the Court does not find that the ALJ erred in relying

21

22   _____

     [8] Plaintiff and the Commissioner both refer to 21,000 national jobs (dkt. # 30 at 18, dkt. # 31 at 18), but
     the ALJ's decision only identifies 20,000 national jobs. AR at 1164 (13,000 + 5,000 + 2,000 = 20,000).

23   The VE testified that Plaintiff could perform an additional masker job that would have added 1,000
     national jobs to the total (*id*. at 1352), but the ALJ did not reference the masker job in his step-five
     findings. *Id*. at 1164.

1   on that number of jobs to find Plaintiff not disabled at step five. *See, e.g.*, *Stephanie O. v.*

2   *Berryhill*, 2019 WL 2713234, at *6-7 (D. Or. Jun. 28, 2019) (finding 17,408 national jobs

3   significant); *Montalbo v. Colvin*, 231 F. Supp. 3d 846, 863 (D. Haw. 2017) (finding 12,300

4   national jobs found significant); *Aguilar v. Colvin*, 2016 WL 3660296, at *3 (C.D. Cal. Jul. 8,

5   2016) (finding 11,850 national jobs to be a significant number).

6           Plaintiff also raises two other arguments regarding the step-five jobs. (Dkt. # 30 at

7   18-19.) First, Plaintiff argues that the Dictionary of Occupational Titles' ("DOT") definitions of

8   the step-five jobs indicate that the jobs "obviously require fine manual dexterity[,]" and thus it is

9   not reasonable to find that someone could perform these types of jobs at a normal pace while

10  standing. (*Id*.) But the ALJ accurately described Plaintiff's RFC to the vocational expert ("VE"),

11  who testified that Plaintiff could indeed perform these jobs with the limitations as described in

12  the RFC assessment, and testified that she eroded her job numbers to account for jobs wherein a

13  sit/stand option was not available. *See* AR at 1351-52. Plaintiff has not shown that the VE's

14  testimony deviates from the DOT, and thus has not shown that the ALJ erred in relying on it at

15  step five. *See Bayliss*, 427 F.3d at 1217 (holding that a VE's "recognized expertise provides the

16  necessary foundation for his or her testimony" and no "additional foundation is needed").

17  Plaintiff's speculation (dkt. # 32 at 8-9) that an employee could not perform these jobs while

18  standing for five minutes every 30 minutes is not sufficient to establish a deviation from the

19  DOT because it assumes that the employee is not provided with a standing desk or other

20  accommodation to permit a sit/stand option. But here, the VE explicitly addressed the sit/stand

21  option and indicated that 50% of the total jobs she identified could accommodate a sit/stand

22  option. *See* AR at 1351-52. Plaintiff has not pointed to any portion of the DOT that contradicts or

23  even suggests contradiction with the VE's testimony on this point, and thus has not met his

1 | burden to show error in the ALJ's step-five findings in this respect.

2 |      Second, Plaintiff posits, without citation to authority, that "the jobs of masker and waxer

3 | likely do not exist in this country." (Dkt. # 30 at 19.) Again, this speculation is directly refuted

4 | by the VE's testimony (AR at 1351-52), and Plaintiff has failed to cite any evidence beyond

5 | counsel's own disbelief that would support finding error in the ALJ's identification of the waxer

6 | job at step five. Again, Plaintiff has failed to meet his burden to show error in this aspect of the

7 | ALJ's step-five findings.

8 | **V.   CONCLUSION**

9 |      For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

10 | case is **DISMISSED** with prejudice.

11 |      Dated this 26th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 14